## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Chad Boivin, | C.A. No: |
| Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Atlantic Recovery Solutions, LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff Chad Boivin (hereinafter "Plaintiff") brings this Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Atlantic Recovery Solutions, LLC (hereinafter "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New Hampshire, County of Rockingham.

8.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA, with a business address of 33 Dodge Rd. Suite 108, Getzville, NY 14068.

9.       Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts.

## FACTUAL ALLEGATIONS

10.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11.      On or around January 9, 2022, Defendant began collection for an obligation that was allegedly incurred to First National Bank of Omaha.

12.      The original subject obligation arose out of credit card transactions associated with a Mastercard credit card. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

13.      The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

14.      The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15.      The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

16.      Upon information and belief, First National Bank of Omaha contracted with the Defendant to collect the alleged debt.

17.      Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

18.      Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

<u>*Violations – Collection Letters sent to Plaintiff and communications between*</u>
<u>*January 9, 2022 & March 24, 2022*</u>

19.     On or about January 9, 2022 Defendant sent Plaintiff an initial collection notice regarding the alleged debt owed. (A true and accurate copy of the letter from Defendant to Plaintiff is attached hereto as Exhibit A.)

20.     As an initial matter, the letter is undated, which casts a suspicious light on Defendant's debt collection practices at large.

21.     Furthermore, the subject letter provides the amount of the debt due "now" and "today", which are undefined terms as the letter is not dated.

22.     The undated letter states that as of 8/30/2019, Plaintiff owed $2,492.94.

23.     Plaintiff maintains that he does not owe this debt in the amount stated on the subject letter.

24.     On about January 10, 2022, Plaintiff received a telephone call from a female representative at Atlantic Recovery Solutions, LLC.

25.     After identifying herself as affiliated with Defendant, Defendant's representative attemped to verify Plaintiff's mailing address. Plaintiff informed Defendant that he moved in 2018 and the address on file was incorrect.

26.     Plaintiff willingly provided his current address and contact information for Defendant to send a letter so Plaintiff would be able to determine if the subject debt was in fact his own.

27.     Defendant's representative stated she would send  a copy of their notice via mail as well as via Plaintiff's email address.

28.     Then Defendant's representive became unexpectedly rude and said, "stop trying to buy more time and just negotiate with us."

4

29.     At that point, Plaintiff informed the Defendant's representative that he would be forwarding any information he received to his attorney and asked to speak to the representative's supervisor or manager. The Director of Operations then got on the phone.

30.     The Director of Operations, Michael Fritton, asked to confirm Plaintiff's address. Again, Plaintiff willingly provided his current address. Mr. Fritton questioned Plaintiff about whether he owed the subject debt.

31.     Plaintiff informed Mr. Fritton that he was not sure if he owed this debt and would need to look into it further. Plaintiff asked for Mr. Fritton to please send him the details in writing for Plaintiff's review.

32.     Mr. Fritton informed Plaintiff that he would send an email and a paper copy of his correspondence regarding the debt.

33.     On January 10, 2022, Plaintiff received an email from Michael Fritton.

34.     Then, about four hours later, Plaintiff received a second email from Deena Raines regarding the same debt.

35.     Plaintiff also received the notice from Defendant via mail on or about January 18, 2022.

36.     The notice purports to provide the "g-notice" as required by § 1692g of the FDCPA.

37.     The letter states, "If you write to us by February 9, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents."

38.     However, this "g-notice" was false and rendered empty words, as Defendant proceeded to send further letters to Plaintiff prior to February 9, 2022.

39.     On January 17, 2022, prior to Plaintiff's deadline by which to dispute the debt, Defendant called Plaintiff twice at around 6:00 pm. Plaintiff answered the second call and explained that he was in the hospital.

40.     Plaintiff specifically asked Defendant not to call his phone anymore.

41.     Furthermore, Defendant did not provide Plaintiff with enough time to dispute the debt. Instead, they began an onslaught of harassing debt collection practices.

42.     Defendant continued to call and text Plaintiff's phone on numerous occasions subsequent to January 17, 2022.

43.     Defendant called Plaintiff and his immediate family members on more than 35 occassions over the course of about six weeks.

44.     On January 19, 2022, Defendant sent Plaintiff a text message stating, "Chad Boivin this text is from ARS. We need to speak to you regarding legal documents under your name. Call 629-253-2520 reference your Case****803" (the full account number is redacted here for the sake of Plaintiff's privacy).

45.     Defendant failed to adequately identify itself as a debt collector.

46.     Plaintiff understood from this text message that Defendant was in the process of suing him.

47.     Without providing further context, a reasonable consumer under these circumstances would expect unspecified "legal documents" to refer to an imminent litigation.

48.     In fact, Defendant did not have intent to imminently bring a lawsuit against Plaintiff and was using the vague term "legal documents under your name" to invoke fear of imminent

litigation. Defendant used this tactic to unduly lure Plaintiff into paying off the subject debt, regardless of whether or not Plaintiff actually owed the subject debt.

49.     Even if Defendant did intend to sue Plaintiff, Defendant was not permitted to do so during the 30-day window following its initial collection letter to Plaintiff. Defendant's text messages and calls during the month of January overshadowed Plaintiff's statutory right to dispute the debt, in violation of the FDCPA.

50.     Defendant also threatened Plaintiff with imminent litigation on several other occassions, when in fact it was not their intention to bring a lawsuit.

51.     On January 24, 2022, Defendant sent Plaintiff another threatening text message with the same text message as before.

52.     On February 4, 2022 Plaintiff answered Defendant's call and again told the Defendant unequivocally, "do not call me anymore."

53.     One minute later on Februay 4, 2022, Defendant called back Plaintiff's phone, mocking his efforts for privacy and leaving a voice message that was rude, combative and unnecessarily aggressive.

54.     Defendant excalated their harassment in early February 2022, calling Plaintiff's phone on the following dates, 2/09/22, 2/10/22, 2/11/22, 2/14/22, 2/15/22, 2/16/22, 2/17/22, 2/18/22, 2/21/22, 2/22/22, and 2/24/22 on four separate occasions.

55.     The number of calls during the seven-day period between 2/17/22 - 2/24/22 exceeds the 7 calls in 7 days rule from the Consumer Financial Protection Bureau.

56.     Plaintiff continues to get calls from the same rude lady associated with Defendant. When she calls she does not say where she is calling from and only offensively states that Plaintiff or his legal representative needs to call her back "today."

57.     Plaintiff asked on numerous occasions for Defendant to stop calling his phone while he is at work and to generally stop calling his phone, but Defendant refuses to heed his requests.

58.     Then, in around mid-March, Defendant further escalated the harassment by calling Plaintiff's father, mother and wife to dun them for Plaintiff's alleged debt.

59.     Defendant never obtained consent from Plaintiff to call his wife, mother or father. Defendant violated § 1692c(b), which prohibits debt collectors from communicating with third parties other than the consumer in connection with the collection of any debt.

60.     Most recently, on 3/25/22, Defendant called Plaintiff three times and his father once.

61.     These shameful tactics were and are being used to inflict fear in the mind of Plaintiff and to strongarm him into quickly settling a debt he does not owe.

62.     Plaintiff has endured several months of abusive debt collection tactics that have caused him to be upset, frustrated, and scared. All the while, Defendant continues to mock Plaintiff's efforts to retain his privacy.

63.     Plaintiff had to spend time and money investigating these notices and their consequences.

64.     Additionally, Plaintiff suffered the fear of imminent litigation at multiple intervals, and endured frequent feelings of frustration that Defendant would not cease collection efforts despite all of Plaintiff's attempts to get Defendant to stop harassing him.

65.     As a result of Defendant's deceptive, misleading, unfair, abusive, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

66.     Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

67.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

68.     Pursuant to 15 U.S.C. §1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

69.     Defendant violated §1692c:

   a.   By communicating with Plaintiff's wife, mother and father regarding the subject debt.

70.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

71.     Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

72.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

73.     Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

74.     Defendant violated §1692d:

   a.   By continuing to call Plaintiff and send him text messages after receiving unequivocal direction to stop calling his phone;

   b.   By threatening imminent litigation on Plaintiff on multiple occasions;

   c.   By causing Plaintiff's telephone to ring and/or engaging his family members in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass them.

75.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

76.     Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

77.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

78.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

10

79.   Defendant violated §1692e:

a.   As several of the letters described above have statements that are open to more than one reasonable interpretation, at least one of which is inaccurate;

b.   By falsely representing the character, amount, or legal status of the debt, in violation of §1692e(2);

c.   By threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of §1692e(5);

d.   By making a false and misleading representations in violation of §1692e (10);

e.   By failing to disclose in its text messages that the communication is from a debt collector, in violation of §1692e(11);

80.   By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

81.   Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

82.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83.   Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

84.   Defendant violated §1692f:

a. Excessively calling Plaintiff after receiving unequivocal direction on multiple occasions not to call him anymore;

85. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT V

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

86. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

87. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

88. Pursuant to 15 USC §1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

12

4.  A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.  A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

89. Defendant violated Section 1692g(a):

a.  By providing an incorrect amount of debt.

90. Pursuant to 15 USC §1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing

13

that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

91.    Defendant violated Section 1692g(b) by engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt.

92.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

93.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chad Boivin demands judgment from Atlantic Recovery Solutions, LLC as follows:

1.    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2.    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

4.    For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

5.     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
April 27, 2022

Respectfully Submitted,

/s/ ***Tamir Saland***
By:  Tamir Saland, Esq.
Stein Saks, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
tsaland@steinsakslegal.com
*Attorneys For Plaintiff*

*PRO HAC VICE PENDING*

/s/ **Timothy Chevalier**
Timothy Chevalier, Esq. BNH 18915
Chevalier Legal Services, PLLC
75 South Main Street,
Unit 7 PMB 262
Concord, NH 03301
Phone: (603) 748-2587
tim@chevalierlegal.com
*Attorney for Plaintiff, Local Counsel*